ELIZABETH KINCHELOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kinchelow v. Commissioner
Docket No. 4884-77.
United States Tax Court
T.C. Memo 1978-362; 1978 Tax Ct. Memo LEXIS 148; 37 T.C.M. (CCH) 1506; T.C.M. (RIA) 78362; September 13, 1978, Filed Elizabeth Kinchelow, pro se. Steven I. Klein, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1969 in the amount of $ 40. In the notice of deficiency, respondent informed petitioner that on the basis of information submitted by her $ 40 was the tax she owed for 1969 on "separate rates" but that no payment would be required since more than that amount had been paid by withholding. In a report attached to the notice of deficiency the statement was made that petitioner's correspondence was being forwarded to the appropriate persons for review concerning the $ 100.07 withholding in excess of the $ 40. Petitioner was subsequently informed that *149 the $ 100.07 would not be refunded since no timely claim for refund had been filed. In her petition to this Court, the only error assigned by petitioner was the determination that she had not timely filed a claim for refund on a timely filed return for the year 1969. At the time of the filing of her petition in this case, petitioner resided in Trenton, New Jersey. Petitioner and her husband were separated in 1968 and 1969, and were later divorced. On April 14, 1970, petitioner mailed to the Mid-Atlantic Service Center, Philadelphia, Pennsylvania a 1969 Form 1040 containing her name, address, Social Security number, and signature. Attached to the Form 1040 was a letter addressed to the Director of Internal Revenue, Mid-Atlantic Region, Philadelphia, Pennsylvania 19155. This letter set forth petitioner's income from various sources and the total thereof, her medical expenses and contributions. Attached to the letter were W-2 forms showing total tax withheld of $ 140.07. Also attached to the letter were receipts for the medical expenses and contributions. In the letter petitioner requested that the figuring of the amount of tax she owed be done by the Revenue Service. *150 Sometime later in 1970, the information attached to the Form 1040 submitted by petitioner was returned to petitioner bearing stamps "Received Apr. 16, 1970 MASC," "Received Apr. 22, 1970 TSO," and "Received Apr. 29, 1970 TS:I." In 1976, in connection with a review of petitioner's 1975 tax return, petitioner was informed that she had never filed a return for 1969. Petitioner submitted an affidavit to respondent stating that she had filed a timely return for 1969 and in connection therewith submitted another Form 1040 attaching a copy of the papers she had attached to the 1969 return. At the conclusion of the trial, respondent stated that he would concede that petitioner had timely filed her 1969 return and that the return constituted a claim for refund of withheld taxes. On August 11, 1978, respondent filed a "Motion for Findings of Fact and for Entry of Decision in Accordance with Respondent's Concession." In this motion respondent stated that as a result of testimony given by petitioner at the trial respondent had determined that petitioner timely filed a claim for refund for the 1969 taxable year and that in accordance with the concession had prepared and mailed to petitioner *151 a proposed stipulation reflecting his concession to that effect. Respondent further alleged that petitioner had not executed the proposed stipulation or otherwise contacted respondent with respect to the documents.Respondent set forth in his motion a computation statement showing petitioner's income tax liability for 1969 and that she was entitled to an overpayment of $ 100.07. The Court served a copy of respondent's motion upon petitioner and directed her to file on or before August 28, 1978, a written response thereto. No written response has been received. Since respondent has conceded the only issue raised by petitioner in her petition and has conceded that petitioner meets the statutory requirements to be entitled to a refund of her overpayment of $ 100.07 for 1969, no issue remains in this case. For this reason, the Court finds the facts as set forth in the computation in respondent's motion filed August 11, 1978, and will incorporate these findings in a decision finding an overpayment in petitioner's income tax for the taxable year 1969 in the amount of $ 100.07 and further finding that a claim for refund for the amount was filed on April 15, 1970, which was within the *152 period provided by section 6511(b)(2), I.R.C. 1954. Accordingly, respondent's motion will be granted and An appropriate order and decision will be entered.